### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' LOCAL 73 PENSION FUND,     )<br>)<br>)<br>Plaintiff,     )<br>v.     )<br>)<br>AIRTITE INC., a corporation, a/k/a and d/b/a     )<br>AIRTITE CONTRACTORS, INC.     )<br>)<br>Defendant.     ) | FILED: AUGUST 22, 2008<br>08CV4815<br>JUDGE GETTLEMAN<br>MAGISTRATE JUDGE NOLAN<br>BR |

## ERISA COMPLAINT TO COMPLETE WITHDRAWAL LIABILTY QUESTIONNAIRE

Plaintiffs SHEET METAL WORKERS' LOCAL 73 PENSION FUND, by their attorneys, Daley and George, Ltd., complaining against Defendant AIR TITE CONTRACTORS, INC, state as follows:

1.    Plaintiff, SHEET METAL WORKERS' LOCAL 73 PENSION FUND, (hereinafter referred to as the "FUND") an employee benefits plan, and the Boart of Trustees of the Fund, the plan sponsor and fiduciary of the National Plan, bring this action under Sections 502(a)(3) and 4301(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. 1132 and 1451(a), to enforce the provisions of an employee benefits plan and to collect withdrawal liability information.

2.    Plaintiff is entitled to bring this action pursuant to the existence of questions arising under ERISA as referred to above.

3.    The FUND is an employee pension plan within the meaning of ERISA.   It is maintained pursuant to collective bargaining agreements.  The FUND provides pension coverage to

over 5,000 union employees and their family members, primarily in the Northern District of Illinois, Eastern Division.

4.    The FUND's administrative offices are in the Northern District of Illinois, Eastern Division.

5.    AIRTITE INC., d/b/a and a/k/a AIRTITE CONTRACTORS INC., (hereinafter referred to as "AIRTITE") is an employer in an industry affecting commerce as the same is defined in the NLRA.  The Defendant maintains a place of business in Elmhurst, Illinois.

6.    AIRTITE participated in and contributed to the FUND pursuant to the terms of a series of collective bargaining agreements between AIRTITE and the SHEET METAL WORKERS LOCAL 73 Union.  Participating employers in the FUND, including AIRTITE, are bound by the terms of the collective bargaining agreement and the supplemental agreement.

7.    The Defendant became a party to the Collective Bargaining Agreement by virtue of signing a Supplemental Agreement dated September 8, 1993.  A copy of the pertinent Collective Bargaining Agreement is attached hereto and made a part of as Exhibit A.

8.    The Defendant is bound by the terms of the Collective Bargaining Agreement and is obligated to the Plaintiff in accordance therewith.

9.    The Collective Bargaining Agreement provides that AIRTITE would contribute to the Fund on behalf of Local 73 members who were employed by AIRTITE.

10.    Plaintiff is entitled to an order requiring AIRTITE, to provide it with all the information it requested pursuant to Section 4219(a) of ERISA, including information regarding the Statement of Business Affairs/Questionnaire.

11.    Plaintiff has made request for such information in a questionnaire letter dated March 31, 2008 sent to Defendant and at present has received no answer or acknowledgment from Defendant.  A copy of the letter is attached hereto and made a part of as Exhibit B.

12.    To date Defendant has failed to complete and respond to the questionnaire.

**WHEREFORE**, Plaintiffs prays that:

A.    The Defendant be ordered and specifically required to complete the requested questionnaire submitted by Plaintiff.

B.    Plaintiff be awarded their attorneys fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

C.    The Court grant such other and further relief as be just under the circumstances.

Respectfully submitted,
SHEET METAL WORKERS' LOCAL 73
PENSION FUND

By: _____
One of Their Attorneys

DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, IL 60603
(312) 726-8797
Firm ID:  80218

3

# EXHIBIT A

## SUPPLEMENTAL AGREEMENT

AGREEMENT made this ___8th___ day of ___September___, 19_93_,

by and between ___AIRTITE CONTRACTORS INC.___

(hereinafter referred to as the "Employer") and SHEET METAL WORKERS' INTERNA-
TIONAL ASSOCIATION LOCAL UNION NO. 73 (hereinafter referred to as the "Union").

## Witnesseth:

WHEREAS, the Union has executed a collective bargaining agreement with the Sheet
Metal Contractors Association and numerous other employers who are not members of any
employer Association, and

WHEREAS, the said collective bargaining agreement provides for the terms and
conditions of employment of members of the Union, including wages, bonding of employer,
Welfare, Pension, Savings Plan, National Training Fund, National Pension Fund, Metro-
politan Chicagoland Sheet Metal Industry Fund, and the Apprentice and Journeymen's
Training Fund contributions and penalty assessments, which terms and conditions of
employment are uniform throughout the sheet metal industry within the territorial jurisdic-
tion of said agreement and are in the form of a "Standard Form of Union Agreement,"
plus certain addenda thereto.

NOW, THEREFORE, the parties hereto mutually agree that the aforesaid collective
bargaining agreement, any renewals thereof, any subsequent collective bargaining agree-
ments and any future amendments or addenda thereto by and between the said Association
and the Union shall be incorporated herein by reference with the same force and effect as
if herein set forth at length and in full insofar as all the terms and conditions of employment
are involved for members of the Union who are employed by the Employer. This Supple-
mental Agreement shall remain in force from the date of this agreement until either party
serves written notice on the other party by certified mail, return receipt requested, of its
desire to terminate this agreement. This agreement may be terminated by the Employer
only during a period of 30 days following Employer's receipt of each new collective bar-
gaining agreement (Standard Form of Union Agreement) which the Union negotiates with
the employer Association. Both the new collective Bargaining Agreement and the Em-
ployer's notice of intent to terminate shall be sent by certified mail, return receipt requested.
In the event such notice is served, this agreement shall terminate automatically thirty days
after receipt of such notice.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed
by their duly authorized representatives upon the day and year first above written.

SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION,
Local Union No. 73

By _____
                                         Signature of Officer or Representative

___AIRTITE CONTRACTORS INC.___
Name of Firm or Contractor

By _____          ___George A. Irvine___
                  Officer or Representative          President

___2900 N. Western Ave., Chicago, IL 60618-8089___
Local Office Address

___2900 N. Western Ave., Chicago, IL 60618-8089___
Home Office Address

# **EXHIBIT B**

LAW OFFICES

# DALEY AND GEORGE, LTD.

TWO FIRST NATIONAL PLAZA

MICHAEL DALEY
JOHN J. GEORGE
DENNIS J. AUKSTIK
———
ROBERT T. OLESZKIEWICZ
CHRIS A. LEACH
RICHARD A. TOTH
KATHLEEN A. DUNCAN
JILL P. DENHAM

SUITE 400
20 SOUTH CLARK STREET
CHICAGO, ILLINOIS 60603-1835

TELEPHONE
(312) 726-8797

FACSIMILE
(312) 726-8819

March 31, 2008

**UPS 2nd Day**
Air Tite Contractors, Inc.
Attn: Owner
343 Carol Lane
Elmhurst, IL 60126

     Re:    Request for Information / Complete Questionnaire
             Possible Withdrawal from Sheet Metal Worker's Local 73 Pension Fund

Dear Sir or Madam:

Please be advised that this office represents the Sheet Metal Workers' Local 73 Pension Fund. It has been brought to our attention that your company may have withdrawn from the Sheet Metal Workers' Local 73 Pension Fund. In this regard, Joseph Ohm, the Fund Administrator, has previously, on two separate occasions, submitted a Questionnaire / Statement of Business Affairs to your office to inquire further into this matter. Attached is a copy of the second request. To date there has been no response from your office.

If the Questionnaire / Statement of Business Affairs previously provided to your company is not returned by April 21, 2008, the Sheet Metal Workers' Local 73 Pension Fund will file a lawsuit in Federal court requiring your company to provide all the information that is requested. Under Federal Law the Pension Fund will be entitled to collect their attorney's fees and costs associated with the lawsuit.

Please contact me if you should have any questions regarding this matter.

                           Sincerely,

                           Robert T. Oleszkiewicz

Encl.

cc:    Mary Kerulis



S H E E T   M E T A L   W O R K E R S '
*International Association • Local Union No. 73*
1550 Roosevelt Road, Hillside, Illinois 60162 • 708-449-7373 • FAX 708-449-7333



━━━━━━━━━━ W e l f a r e   a n d   P e n s i o n   F u n d s ━━━━━━━━━━

January 18, 2008

## SECOND REQUEST

Air Tite Contractors, Inc.
Attn: Owner
343 Carol Lane
Elmhurst, IL 60126

Re: Possible Withdrawal from Sheet Metal Workers' Local 73 Pension Fund

Dear Sirs:

This office has been advised that your company may have withdrawn from the Sheet Metal Workers' Local 73 Pension Fund (the "Fund") due to the termination of some, or all, of your bargaining unit employees. The Employee Retirement Income Security Act of 1974, as amended ("ERISA"), provides that such an act may result in an assessment of liability for either a complete or partial withdrawal.

Section 4219(a) of ERISA provides that an employer shall, within 30 days after a written request from the Plan sponsor, furnish such information as the plan sponsor reasonably determines to be necessary to enable the plan sponsor to make a determination of liability. Accordingly, enclosed is a "Statement of Business Affairs" for your completion and return within thirty (30) days of service hereof.

Please note that completion and return of the enclosed statement is required by federal law. Your failure to return a completed statement acceptable to this Fund will result in a lawsuit seeking a court order to produce the information requested and/or the imposition of full employer withdrawal liabilities in accordance with ERISA. Please follow explicitly the instructions provided in the information to the enclosed statement.

If you have any questions regarding the above or the enclosed document, please contact this office at 708-449-7373.

Sincerely,

Joseph F. Ohm
Fund Administrator

## EMPLOYER QUESTIONNAIRE

Investigation of Potential Complete or Partial Withdrawal

Employer Name:

Employer No.:

COMPLETION OF THIS ***STATEMENT OF BUSINESS AFFAIRS*** IS REQUIRED BY LAW

Section 4219(a) of ERISA [29 USC Section 1399(a)] provides that an employer SHALL FURNISH the information required in this statement. Failure to furnish this information within 30 days will subject the employer to penalties authorized under federal law.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### INSTRUCTIONS

The REPORTING BUSINESS is the entity which reports/reported employee work history to the Fund under the above account number.

Each question should be answered by a responsible individual (e.g.; partner, principal, trustee, officer, etc.) of the Reporting Business who is authorized to answer such question. These questions shall be deemed continuing so as to require supplemental responses when and if you obtain further information subsequent to the return of this Statement of Business Affairs.

The failure to answer any question must be explained. If the correct answer is "Not Applicable" or "None," so indicate.

Your answer to each question should be correct and complete. Attach copies of documentary evidence in support of your responses. After due diligence in securing correct and complete answers, this Statement of Business Affairs shall be verified by the responsible individual who is authorized to answer such questions, signed by the responsible individual, and notarized.

342563.1

Attach continuation sheets as needed to complete your responses. Please identify each continuation sheet as follows:

> Attachment to Statement of Business Affairs
> (identify Reporting Business)
> (identify question(s) being answered)
> (identify date of completion)

Return the completed Statement of Business Affairs with supporting documentary evidence to the Fund at the following address:

> Sheet Metal Workers' Local 73 Pension Fund
> 4530 Roosevelt Road
> Hillside, IL 60162
> ATTN: Joseph F. Ohm

A.    IDENTIFICATION OF REPORTING BUSINESS:

1.    What is the full name and address of the Reporting Business?

Name:    _____

Address:    _____

    _____

    _____

2.    List any assumed names used by the Reporting Business.

    _____

    _____

    _____

3.    What is the IRS Employer Identification Number of the Reporting Business?

    _____

4.    What type of business is the Reporting Business?

    _____    Sole Proprietorship
    _____    Partnership
    _____    Limited Partnership

342563.1

_____  Corporation
_____  "S" Corporation
_____  Limited Liability Corporation
_____  Other – Please explain.

5.    If Reporting Business is a sole proprietorship, partnership, or limited partnership, list the names and addresses of all of the principals and partners of the Reporting Business.

Name:            _____

Relationship to Reporting Business:    _____

Address:         _____

                 _____

                 _____


Name:            _____

Relationship to Reporting Business:    _____

Address:         _____

                 _____

                 _____

342563.1

6.    If the Reporting Business is a corporation, an "S" corporation, or a limited liability corporation, complete the following items.

State of Incorporation: _____

Date of Incorporation: _____

State Corporate Identification Number: _____

Is Corporation in Good Standing: _____

Identify all persons or entities who own or control 5% or more of the voting and/or non-voting shares of stock of the Reporting Business.

a.    Shareholder: _____

       Address: _____

                     _____

                     _____

       Shares Owned/Controlled: _____    Percentage: _____%

       Voting            _____              _____

       Non-Voting        _____              _____

b.    Shareholder: _____

       Address: _____

                     _____

                     _____

       Shares Owned/Controlled: _____    Percentage: _____%

       Voting            _____              _____

       Non-Voting        _____              _____

c.    Shareholder: _____

       Address: _____

                     _____

- 4 -

Shares Owned/Controlled: _____ Percentage: _____ %

Voting _____                      _____

Non-Voting _____                  _____

7.   Identify all other entities in which the Reporting Business ever held an ownership interest, describe the interest, and identify the time period during which the Reporting Business held such interest.

   a.   Entity's Name: _____

       Address: _____

       _____

       _____

       Entity's Employer Identification Number: _____

       Description of Interest: _____

       _____

       _____

       Percent of Ownership: _____ Time Period: _____ to _____

- 5 -

342563.1

b.    Entity's Name: _____

Address: _____

_____

_____

Entity's Employer Identification Number: _____

Description of Interest: _____

_____

_____

Percent of Ownership: _____ Time Period: _____ to _____

c.    Entity's Name: _____

Address: _____

_____

_____

Entity's Employer Identification Number: _____

Description of Interest: _____

_____

_____

Percent of Ownership: _____ Time Period: _____ to _____

342563.1

    d.    Entity's Name: _____

            Address: _____

                      _____

                      _____

            Entity's Employer Identification Number: _____

            Description of Interest: _____

            _____

            _____

            Percent of Ownership: _____   Time Period: _____ to _____

8.    List all entities which were never owned or controlled by any parent organization or principals of the Reporting Business, describe the relationship and identify the time period during which the parent or principals held such interest.  Your answer to this question should include any trades or businesses owned by the principals of the Reporting Business that are identified in the principals' federal income tax returns under Schedules C, E, or F (i.e., sole proprietorships, rental or royalty income, farm income, etc.).

- 7 -

a.    Entity's Name: _____

Address: _____

_____

Entity's Employer Identification Number: _____

Description of Relationship/Interest: _____

_____

_____

Percent of Ownership: _____ Time Period: _____ to _____

Name(s) of owners(s): _____

_____

b.    Entity's Name: _____

Address: _____

_____

Entity's Employer Identification Number: _____

Description of Relationship/Interest: _____

_____

_____

Percent of Ownership: _____ Time Period: _____ to _____

Name(s) of owners(s): _____

_____

- 8 -

c.    Entity's Name: _____

Address: _____

_____

Entity's Employer Identification Number: _____

Description of Relationship/Interest: _____

_____

_____

Percent of Ownership: _____   Time Period: _____ to _____

Name(s) of owners(s): _____

_____

9.    Did the Reporting Business or any entity on behalf of the Reporting Business file a consolidated tax return at any time after September 26, 1980?

Yes: _____    No: _____

Identify all entities and each tax period included in each such return.

a.    Name: _____

Address: _____

_____

Entity's Employer Identification Number: _____

Tax Period: _____

- 9 -

    b.     Name: _____

              Address: _____

                            _____

              Entity's Employer Identification Number: _____

              Tax Period: _____

    c.     Name: _____

              Address: _____

                            _____

              Entity's Employer Identification Number: _____

              Tax Period: _____

10.    List all other names and employer numbers under which Reporting Business makes or has made contributions to the Fund.

    a.     Name: _____

              Account No.: _____

    b.     Name: _____

              Account No.: _____

    c.     Name: _____

              Account No.: _____

342563.1

11.    Identify all other entities involved in any merger, consolidation, or reorganization, however affected, with the Reporting Business.  Include any division or liquidation into a parent.

a.    Name:    _____

Address:    _____

_____

Entity's Employer Identification Number:    _____

Relationship to Reporting Business:    _____

Date:  _____/_____/_____    Type of Event:  _____

b.    Name:    _____

Address:    _____

_____

Entity's Employer Identification Number:    _____

Relationship to Reporting Business:    _____

Date:  _____/_____/_____    Type of Event:  _____

c.    Name:    _____

Address:    _____

_____

Entity's Employer Identification Number:    _____

Relationship to Reporting Business:    _____

Date:  _____/_____/_____    Type of Event:  _____

12.    Since September 26, 1980, has the Reporting Business been subject to any of the following proceedings under the Bankruptcy Code (11 USC Sec. 101, et seq.)?

Chapter 7 Liquidation?    Yes:  _____    No:  _____
Chapter 11 Reorganization?    Yes:  _____    No:  _____

- 11 -

Chapter 13?                          Yes: _____  No: _____
Adjustment of Debts?      Yes: _____  No: _____

If you answered "Yes" to any of these questions, attach a copy of the Order for Relief or, if not available, the Petition filed in the United States Bankruptcy Court and the confirmed Plan of Reorganization or Repayment. Also attach a copy of all bankruptcy schedules and statements.

13.    Since September 26, 1980 has the Reporting Business been subject to any dissolution proceedings under state law, assignment for benefit creditors (i.e.; a transfer in trust of all business assets for benefit of creditors), or bulk transfer (i.e.; any transfer in bulk not in the ordinary course of the transferor's business or a major part of materials, supplies, merchandise or other inventory of the business) under applicable state law or appointment of a receiver under state or federal law?

Yes? _____         No? _____

If you answered "Yes" to this question, attach a copy of the Articles (or Certificate) of Dissolution, a copy of the written assignment, the bulk transfer agreement, or the Court order appointing a receiver, whichever is applicable.

14.    Has the Reporting Business been automatically dissolved under state law for failure to file required reports?

Yes? _____         No? _____

If you answered "Yes" to this question, attach a copy of the notification by the appropriate state agency.

- 12 -

342563.1

15.    To the extent you have not identified all trades or businesses under common control with the Reporting Business in your answers to the above questions, state whether the Reporting Business is part of a group of trades or businesses under common control within the meaning of ERISA Section 4001(b) [29 USC Sec. 1301(b)]? In determining whether such a relationship exists, refer to Treasury Regulation 1.414(c).

Yes? _____        No? _____

If you answered "Yes" to this question, identify the entities which are under common control with the Reporting Business.

a.    Related Entity Name: _____

Address: _____

_____

Entity's Employer Identification Number: _____

Date(s) under common control: _____

b.    Related Entity Name: _____

Address: _____

_____

Entity's Employer Identification Number: _____

Date(s) under common control: _____

- 13 -

c.     Related Entity Name: _____

        Address: _____

        _____

        Entity's Employer Identification Number: _____

        Date(s) under common control: _____

16.    List the names and employer numbers under which the related entities identified in your answer to question 15 make or have made contributions to the Fund.

    a.     Name: _____

        Account No.: _____

    b.     Name: _____

        Account No.: _____

    c.     Name: _____

        Account No.: _____

B.    CAUSE OF CONTRIBUTION CESSATION/DECREASE.   Complete this section with respect to the employer number(s) listed on the front page of this Statement of Business Affairs.

1.    When did the Reporting Business cease to be obligated to make contributions to the Fund under its collective bargaining agreement?

        Date: _____/_____/_____

2.    When did the Reporting Business cease to be obligated to make contributions to the Fund under its collective bargaining agreement?

        Date: _____/_____/_____

3.    Check the item or items that describes why the Reporting Business ceased making contributions to the Fund.

        _____    Employees decertified the union.  Please attach a copy of the NLRB order.

- 14 -

_____     Union waived representation of employees. Please attach a copy of the waiver.

_____     No collective bargaining agreement. Collective bargaining agreement expired on _____.

_____     Hired permanent replacements.

_____     New collective bargaining agreement deleted coverage by Fund.

_____     Employees now covered by another pension plan. Please state the name and type of replacement plan.

Name:        _____

Type:        _____

_____     Rejected collective bargaining agreement in a Chapter 11 bankruptcy. Please identify:

Case No.:    _____

Case Name:   _____

Location:    _____

_____     Last covered employee retired, resigned, or was fired. Please attach an explanation and also state who is doing the work formerly performed by the covered employee(s).

_____     All business operations ceased on _____ (date).

_____     One or more, but not all business facilities were shut down on _____ (date).

_____     Employees continue to perform work of the type for which contributions were previously required.

_____     Work resumed within 5 years after the date on which the obligation to contribute under the plan ceases and there was not a renewal of the obligation at the time of the resumption.

_____     Hired leased employees to perform the work.

- 15 -

_____    Moved the work to a different location.  Please identify the
new location.  Are you obligated to make contributions to
the Fund for the work at the new location?

Address:        _____

_____

Obligated?    Yes:  _____        No:  _____

_____    Closed facility.

_____    Completed a construction project.  Please explain.

_____

_____

_____

- 16 -

_____    Seasonal business – season over for the year.    Please explain.

_____

_____

_____

_____    Liquidation or dissolution of the Reporting Business.

Type: _____

Entity Liquidated/Dissolved: _____

_____

Liquidation/Dissolution Date:_____/_____/_____

_____    Bankruptcy – Please state the type, date, case number, case name and location.

Type:  (Ch. 11, Ch. 7, Ch. 13, etc.)    _____

Date:    _____/_____/_____

Case No.:    _____

Case Name:    _____

Location:    _____

_____    Receiver/trustee appointed.    Please state the name and address of the receiver/trustee.

Name:    _____

Address:    _____

_____

_____    Sold stock to new shareholder(s).  **Attach a copy of the stock sale agreement.**  Please state the name and address of the new shareholder(s).

Name:    _____

- 17 -

Address: _____

_____

_____ Sold operating assets. **Attach a copy of the asset sale contract.** Please state the name and address of the purchaser. Do the parties to the sale of assets intend to comply with ERISA Section 4204?

Name: _____

Address: _____

_____

ERISA Section 4204? Yes: _____  No: _____

_____ Sold the business to a related person/entity. Please identify the purchaser and the relationship between the seller and the purchaser.

Name: _____

Address: _____

_____

- 18 -

342563.1

_____    Employees on strike.

Please answer the following questions:

Are the parties at impasse?    Yes:    _____    No:    _____

What is the Reporting Business' last proposal to the bargaining unit concerning the continuation of contributions to the Fund?

_____

_____

_____

Is the Reporting Business still performing the work?

    Yes?    _____    No?    _____

Is the work being performed by permanent replacements?

    Yes?    _____    No?    _____

- 19 -

_____    Contributions suspended during a labor dispute.  Please explain the nature of such dispute.  Identify the parties to the dispute and the employment status of the affected employees.

_____

_____

_____

When did the parties last meet to negotiate a collective bargaining agreement?
_____/_____/_____

When is the next scheduled meeting?  _____/_____/_____

What is the status of negotiations?  _____

_____

_____

_____

_____    Hired a subcontractor to do the work.  Please identify the subcontractor.

Name:  _____

Address:  _____

_____

Relationship to the Reporting Business:  _____

- 20 -

342563.1

_____    Other. Please explain.    _____

_____

_____

_____

4.    Will the Reporting Business continue to perform work in the geographic area of any of its facilities where contributions were previously made to the Fund?

Yes: _____    No: _____

5.    If your answer to the previous question is "Yes," please give the location:

_____

6.    Is any of the work that was or is performed at the facility(ies) described in this Statement of Business Affairs being transferred to any other facility(ies) of the Reporting Business or of a related business entity?

Yes: _____    No: _____

7.    If your answer to the previous question is "Yes," please describe each such situation, identifying the facility for which the work is to be transferred and the location of the facility to which the work is being transferred:

Facility          Tax ID#          Location

_____      _____      _____

_____      _____      _____

- 21 -

C.    TYPE OF WORK PERFORMED BY THE BARGAINING UNIT.  Please limit your responses to the employees for whom the Reporting Business made contributions to the Fund.

    1.    What is the principal product made or service performed by the employees of the Reporting Business?

_____

_____

_____

    2.    Identify the facility(ies) at which the Reporting Business has ceased contributing to the Fund and the number of affected employees at each facility(ies):

| Facility(ies) at Which Contributions Ceased or Were Reduced | Tax ID# | Number of Affected Employees |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

    3.    The following is limited to construction (3a) or production (3b) work and is exclusive of Special Class coverage:

        (a)    What percentage (approximate) of the Reporting Business' work force, for whom contributions had been made to the Fund, is or has been engaged in construction work in the year in which contributions to the Fund and in the preceding three years:

_____%

- 22 -

342563.1

    (b)      What percentage (approximate) of the Reporting Business' work force for whom contributions had been made to the Fund, is or has been engaged in production work in the year in which contributions to the Fund ceased and in the preceding three years:

                              _____%

4.      Describe in detail the construction work performed by the Reporting Business' work force as stated in 3(a) above.

_____

_____

_____

_____

5.      Did the employees perform any on-site (job site) construction work?

           Yes: _____       No: _____

6.      What proportion of Reporting Business' total revenue is derived from construction work and from production work? Please specify by activity.

           Construction Work:     _____%

           Production Work:      _____%

D.      CERTIFICATION OF STATEMENT OF BUSINESS AFFAIRS. By signing this Statement of Business Affairs, I certify that I have the authority to answer this questionnaire on behalf of the Reporting Business, and that the Statement of Business Affairs, with its attachments, were prepared under my supervision after diligent inquiry, and are true and correct to the best of my knowledge and belief.

- 23 -

342563.1

Signature: _____     Date: ____ / ____ / _____

Printed Name: _____     Phone: _____

Title: _____

Address: _____

_____

Subscribed and Sworn to before me at _____,

State of _____, this _____ day of _____, 20_____.

Notary Public: _____

County: _____

My Commission Expires: _____

- 24 -

342563.1